IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

RECEIVED
USBC, CLERK, CHARLESTON, SC
2013 OCT 11  P 2: 22

Michael D. Norris a/k/a Michael )
Deon Norris, )
 )
    Petitioner, )
 )
v. )  Civil Action No. 8:13-913-SB
 )
 )
Warden of Ridgeland Correctional )  **ORDER**
Institution, )
 )
    Respondent. )
_____)

  This matter is before the Court on Michael D. Norris's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

  On July 1, 2013, the Respondent filed a motion for summary judgment, and on July 2, 2013, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of a failure to adequately respond to the motion. When the Petitioner failed to respond to the motion, the Magistrate Judge issued a second order on August 9, 2013, giving the Petitioner until September 3, 2013, to respond. The Magistrate Judge informed the Petitioner that a failure to respond may result in the dismissal of this action for failure to prosecute. Despite this warning, the Petitioner did not file a response.

  Therefore, on September 16, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to

prosecute. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 23) and dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 11, 2013
Charleston, South Carolina